# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

BRICQUEL CLARK,

    PLAINTIFF,

v.                                         CASE NO.:

CAREERSOURCE
ESCAROSA, INC.,

    DEFENDANT.
_____/

## **COMPLAINT**

Plaintiff, Bricquel Clark, (hereinafter referred to as the "Plaintiff" or "Clark"), by and through her undersigned attorney, sues the defendant, CareerSource ESCAROSA, Inc. (hereinafter referred to as the "Defendant" or "CareerSource"), and alleges as follows:

## *JURISDICTION AND VENUE*

1. Plaintiff brings this action to remedy discrimination on the basis of gender, race, age, gender and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.;* the Civil Rights Act of 1991, 42 U.S.C. § 1981; the Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654; and the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

§2000e-5(f).

3.  Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.  Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5.  Defendant is considered an employer within the terms and conditions of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Pensacola, Florida worksite.

6.  Plaintiff worked for Defendant from July 1, 2008 until July 8, 2021. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least twelve (12) months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

7.  The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

8.  This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful

employment practices were committed in this judicial district.

9. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202230600) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100758) on August 3, 2021. On January 28, 2022, FCHR issued a Notice of Determination. Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC which was not received until March 21, 2022.

## *PARTIES*

10. Plaintiff is a citizen of the State of Florida and a resident of Escambia County.

11. Defendant, CareerSource, is a nonprofit organization committed to supporting the workforce needs of Escambia and Santa Rosa Counties and is licensed to do and doing business in the State of Florida. Defendant is an employer within the meaning of Title VII and the AEDA, as it employs in excess of 20 employees.

## *FACTS*

12. Plaintiff is a 47 year old African American female.

13. Plaintiff was employed by Defendant at its North 9th Avenue,

Pensacola, FL location as a WIOA Program Manager.

14. Plaintiff was a qualified individual who worked for Defendant from July 1, 2008, until her involuntary termination on July 8, 2021.

15. During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner.

16. During her employment with Defendant, Plaintiff experienced discrimination based on her age.

17. Plaintiff was asked her age numerous times and was subjected to offensive age based verbal and visual comments, jokes, and gestures.

18. Plaintiff was told that she was less capable, but given twice or three times the work load of younger employees.

19. Plaintiff was being isolated from events and left out of meetings when her younger co-workers were not.

20. During her employment with Defendant, Plaintiff experienced discrimination based on her race.

21. Plaintiff was spoken to in demeaning tones, and not offered the opportunity to interview for positions she was qualified for, but her white male counterparts were able to interview without the same questioning or interview processes.

22. Plaintiff was discriminated against because there were offensive and

derogatory remarks made about her and her race.

23. Plaintiff's co-workers would refer to clients of color as being uneducated, lazy, dirty, ghetto, unfit to be a mother just because they are black.

24. Plaintiff, being a person of color, Plaintiff was offended by these remarks.

25. Plaintiff was treated less favorably because she was given a larger work load and was given tasks that her white male counterparts were not asked to do.

26. Plaintiff was not provided the same company benefits as her white male counterparts.

27. Plaintiff would be excluded for meetings, interviews processes, etc. while her white male counterparts never experienced the same treatment.

28. During her employment with Defendant, Plaintiff experienced discrimination based on her disability.

29. On May 10, 2021, Plaintiff went out on medical leave for surgery.

30. Plaintiff was forced to use her vacation time for the surgery.

31. Plaintiff was not offered FMLA nor was any type of accommodation discussed.

32. In June 2021, Plaintiff was forced to return to the office and work.

33. Plaintiff requested light duty and to stay off her feet as she continued

Case 3:22-cv-08320-MCR-HTC   Document 1   Filed 06/15/22   Page 6 of 16

to recover, but her requests went unanswered.

34. The CEO made threats of eliminating Plaintiff's position while she was on medical leave.

35. Plaintiff reported the mistreatment and discrimination she was receiving from CareerSource Escarosa/ Landrum Professionals and was told due to the seriousness of her reports the company would handle it and there would be no retaliation for disclosing my experience with the harassment at the workplace and to allow them to handle the situation and individuals involved as there were other complaints.

36. Defendant's promises that there would not be any retaliation were not true and she was retaliated against in forms of unfair pay and not being considered or offered the opportunity to interview for internal positions for which she was more than qualified to hold.

37. All the while, she reported the unfair treatment and discriminatory practices to management and HR and nothing was done about it.

38. On July 8, 2021, I was forced to resign and told that my employment with the company was not in alignment with it anymore.

39. Plaintiff was subjected to disparate treatment and different terms and conditions of her employment and was held to a different standard because of her race, age, gender and disability and was retaliated against for opposing and

reporting the unlawful discrimination she was being subjected to.

## *FIRST CAUSE OF ACTION*
*(RACE DISCRIMINATION- FEDERAL CLAIM - 42 U.S.C. § 1981)*

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 15 and 20 through 27 of this complaint with the same force and effect as if set forth herein.

41. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of 42 U.S.C. § 1981.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *SECOND CAUSE OF ACTION*
*(RACE DISCRIMINATION- RETALIATION - 42 U.S.C. § 1981)*

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 15 and 20 through 27 and 35 through 39 of this complaint with the same force and effect as if set forth herein.

44. Defendant has retaliated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of 42 U.S.C. § 1981.

45. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless

and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Race Discrimination- Title VII)*

46.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 15 and 20 through 27 of this complaint with the same force and effect as if set forth herein.

47.  Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII.

48.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### FOURTH CAUSE OF ACTION
*(RACE RETALIATION – TITLE VII)*

49.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 15 and 20 through 27 and 35 through 39 of this complaint with the same force and effect as if set forth herein.

50.  Defendant retaliated against Plaintiff engaging in a protected activity in the terms and conditions of her employment on the basis of her national origin in violation of Florida Civil Rights Act.

51.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless

and until this Court grants relief.

## *FIFTH CAUSE OF ACTION*
(FMLA INTERFERENCE)

52. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5 through 7 and 10 through 15 and 28 through 34 of this complaint with the same force and effect as if set forth herein.

53. "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

54. Plaintiff was an employee entitled to a benefit under the FMLA and Defendant denied her that benefit.

55. Defendant had more than sufficient knowledge that health condition was a FMLA-qualifying medical condition.

56. Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.
Defendant should have notified Plaintiff of her eligibility to take FMLA leave within five business days.

57. The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations related to the FMLA and explaining any consequences of her failure to meet these obligations.

58. Defendant never provided Plaintiff with any type of written notice regarding her FMLA rights thus interfering with and denying her substantive rights under the FMLA.

59. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SIXTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT, (ADA)

60. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 15 and 28 through 34 of this complaint with the same force and effect as if set forth herein.

61. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

62. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability (perceived or otherwise).

63. Upon learning of Plaintiff's health condition and requested accommodations and/or assistance, Defendant failed engage in a good faith interactive process with Plaintiff to determine the reasonableness of her requested accommodation.

64. Defendant was under an obligation to engage in a good faith interactive process with Plaintiff.

65. Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's postpartum depression nor did Defendant "explore potential accommodations" to overcome those limitations.

66. Defendant's involuntary termination and disqualification of Plaintiff's employment on July 8, 2021, on the basis of her disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable her to be employed by Defendant, violated the ADA.

67. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from her unlawful discharge.

## SEVENTH CAUSE OF ACTION
### *DISABILITY RETALIATION*
### *AMERICANS WITH DISABILITIES ACT, (ADA)*

68. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 15 and 28 through 39 of this complaint with the same force and effect as if set forth herein.

69. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

70. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

71. When Plaintiff provided Defendant with sufficient information regarding her health condition and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

72. Defendant's July 8, 2021, involuntary termination and disqualification of Plaintiff's employment was in retaliation for her seeking a good faith accommodation, her objecting to Defendant's discriminatory practices regarding her disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

## EIGHTH CAUSE OF ACTION
*(Age Discrimination in Employment Act ("ADEA" - Age Discrimination)*

73. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 9 through 19 of this complaint with the same force and effect as if set forth herein.

74. Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.

75. Plaintiff was subjected to offensive age based verbal and visual comments, jokes, and gestures.

76. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## NINTH CAUSE OF ACTION
*(Title VII - Gender Discrimination)*

77. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 9 through 15 and 20 through 27 of this complaint with the same force and effect as if set forth herein.

78. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

79. Plaintiff is an African American female.

80. Over the course of Plaintiff's employment with Defendant, Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult and unequal treatment as the result of Defendant's continued failure to address and stop the harassment and discrimination of female employees.

81. Defendant's unfavorable treatment of Plaintiff because of her gender effected the terms and conditions of her employment as she was required to perform tasks and was held to a different standard than the male employees.

82. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*TENTH CAUSE OF ACTION*
*(Title VII- Gender Retaliation)*

83. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 9 through 15 and 20 through 27 and 35 through 39 of this complaint with the same force and effect as if set forth herein.

84. Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

85. On multiple occasions, Plaintiff engaged in activity protected by Title VII when she objected to and complained unequal treatment and unwelcome harassment and retaliation.

86. As a direct result of Plaintiff having in good faith objected to, refused to participate in, and reported acts of discrimination and retaliation, Plaintiff engaged in a protected activity.

87. Plaintiff's retaliatory termination as a result of availing herself of this protected activity was in violation of the Title VII of the Civil Rights Act of 1964.

88. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII; 42 U.S.C. § 1981; ADEA; FMLA and ADA;

b) Enjoining and permanently restraining those violations of Title VII; Title VII; 42 U.S.C. § 1981; ADEA; FMLA and ADA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole

for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

    e)    Awarding Plaintiff Front Pay in lieu of reinstatement;

    f)    Awarding Plaintiff compensatory damages pursuant to Title VII, 42 U.S.C. § 1981 and the ADA.

    g)    Liquidated damages under the ADEA and FMLA;

    h)    Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

    i)    Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: June 15, 2022.    By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Attorney for the Plaintiff